Tueeev, J.
delivered the opinion of the court.
This is an action of trespass brought by the defendant iii error to recover damages for an assault upon his person under the following circumstances: Boyers had a 'son of some twelve or fourteen years of age at school with Pratt. Upon a matter of disobedience Pratt chastised the child, and accidentally struck him a blow upon the - eye, which inflamed it to an extent that excited the indignation of his parent. Boy-ers had an interview with Pratt at his counting room upon the subject; Pratt explained and apologised for the accident, but Boyers was not satisfied, and inflicted upon him personal chastisement for the offence. Pratt called the board of trustees together, and was acquitted of intentional wrong. Subsequently he met Boyers in the street and handed him a noté; which in substance stated that inasmuch as he had taken the management of his son into his own hands, he would have nothing further to do with him, and would dismiss him from his school. Boyers, upon reading this note, threatened him with a cowhiding if its purports were persisted in. Pratt left him without explanation, and Boyers rushed into a store and enquired for a cowhide, was informed there was none, *92 seized a horsewhip and followed Pratt immediately, and inflicted upon him chastisement therewith to the extent of from ten to twehty-five lashes, he (Pratt) resisting. Boyers proved that by the by-laws of the school no pupil could be expelled but by order of the board of trustees; but it appears that these rules were adopted for the government of the school long before Pratt had taken charge of it, and that he was not aware of their existence. Boyers pleaded son assault demesne; to which there was “replication .and issue” in toti-dem verbis, and no more. Upon the trial Boyers intro~ duced proof as to the chastisement of the child in mitigation of damages; and Pratt introduced proof of the interview at the counting-house of Boyers, and the explanation and chastisement consequent thereon, to which Boyers objected as illegal, but which was overruled.
Under the charge of the court the jury returned the verdict which is now sought to be set aside for several reasons:
1st. Because it is said there is no issue, the words “replica* tion and issue” being insufficient to tender one. As much as this court has reprobated this mode of pleading, yet it has always held that if a party to a suit will receive the name of a plea for the plea, it shall be considered as well pleaded; if he will receive the word replication for a replication, it shall be held as a replication suitable to the defence made. In this case defendant pleaded son assault demesne; the proper replication would have been de injuria sua propria absque tali causa, concluding to the country, and then a simiU iter would have closed the pleadings. We must consider the words “replication and issue” as equivalent to the same thing.
2d. It is said that the court erred in permitting testimony to be heard concerning the assault upon the plaintiff at the counting room of the defendant. We do not think so. The note which was handed by the plaintiff to the defendant, and which was introduced by the defendant as the immediate provocation for the assault, could not have been properly understood by the jury without hearing the whole transaction. The defendant seems to have felt this, and therefore introduced himself proof of the circumstances attending the chastisement of his child. After this he had no right to object *93 to this proof, introduced by the plaintiff. Indeed we think every thing from the beginning to the end ot this altan is so intimately connected that it was necessary and proper for the jury to hear the whole to be enabled to come to a correct conclusion upon the subject.
3d. It is said the judge erred in saying to the jury that the plaintiff was not to be affected by the by-laws of the acade¿ my unless he knew that they existed. The charge upon this point is correct. ■ A man is not bound to take notice of the existence of any laws but those that are public, and this upon grounds of public necessity.
4th. It is said that the damages are enormous, and that a new trial ought to be granted for that cause. New trials are sometimes granted for this reason, but they are rare. It is never done unless, in the language of judges Thompson and Spencer in the case of M’Connell vs. Hampton, 12 John. R. 236, “the damages are flagrantly outrageous and extravagant, evincing intemperance, passion, partiality or corruption, such as all mankind would at once pronounce unreasonable.” This we do not think can be said of this verdict. Here there was a harmless, inoffensive young man of religious habits and a non-combatant, a stranger in a'strange land, degraded by the infliction of the most ignominious punishment from the hands of a wealthy, influential and respectable citizen, and without any thing approaching to adequate cause. Who can begin-to estimate, in dollars and cents, What would be an adequate compensation for such an injury! The man who could ought not to be entitled to a verdict from a jury if the same punishment were inflicted upon himself. But, independent of this consideration, the peace of society ought in cases of this kind always to be looked to, and damages given to such an extent as will deter persons from the commission of such offences. Bloodshed almost always follows them, and obviously would have done so in this case but for the quiet and peaceable disposition of the plaintiff. We cannot say, then, that these damages are excessive. The question is one purely of, fact, and we do not think that the jury have abused their trust. The judgment of the circuit court will therefore be affirmed.